UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRYAN FISCHER,

    Plaintiff,

v.                                                  Case No.  1:14-cv-196-WS-GRJ

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 38, Plaintiff's Petition for Attorney Fees. Defendant has filed a response in opposition to the Petition and the Petition is therefore ripe for review. For the following reasons, it is respectfully recommended that the Petition be granted.

## I.  BACKGROUND

In these proceedings, Plaintiff sought judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying Plaintiff's claim for Social Security benefits. On October 4, 2016, the Court

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Accordingly, pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill should be substituted for former Acting Commissioner of Social Security, Carolyn W. Colvin, as Defendant in this matter. The **Clerk** is directed to correct the docket accordingly.

reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and remanded the case to the Commissioner for further consideration consistent with the Court's report and recommendation. (ECF No. 36.) Judgment was entered the following day. (ECF No. 37.)

Accordingly, on December 9, 2016, Plaintiff filed the instant Petition pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 38.) In 2015 and 2016 counsel spent 35.2 hours and 3.1 hours, respectively, on Plaintiff's case, confirmed by declarations and itemizations of hours attached to the Petition.[2] Plaintiff executed an assignment assigning his right to attorney's fees to his counsel. (ECF Nos. 38, 38–1.) Plaintiff proposes that after the Court awards EAJA fees, and before the fees are paid, the Commissioner will first determine whether Plaintiff owes a debt to the government. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and then pay the fees directly to Plaintiff's counsel. (ECF No. 38.)

The Court granted Plaintiff leave to file a reply brief in support of the Petition. Thus, Plaintiff also seeks additional fees for 2.5 hours spent

---

[2] Counsel's 2015 and 2016 hourly rates were calculated at the rate of $190.28 and $191.70, respectively. (ECF No. 38.)

researching and preparing the reply brief. (ECF No. 42 at 6.)[3] In total, Plaintiff seeks EAJA fees in the amount of $7,771.38 and costs in the sum of $400.00.

## II.  DISCUSSION

The EAJA provides that a court shall award costs and attorney's fees to a party who prevails against the United States in a non-tort civil action, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a sentence-four remand in a Social Security case is considered a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Additionally, the position of the United States is substantially justified if its arguments possess a "reasonable basis in both law and fact." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990); *see also United States v. Douglas*, 55 F.3d 584, 5988 (11th Cir. 1995) (the government's position must be "justified to a degree that would satisfy a reasonable person" to be considered substantially justified).

---

[3] An affidavit and itemization of hours attached to the reply brief confirms counsel's services with respect to the reply brief. (ECF No. 42.) Counsel's 2017 hourly rate was calculated at $191.70 per hour. (ECF No. 42.)

There is no question that Plaintiff is the prevailing party in this case because the Court reversed and remanded the case under sentence four. *See* ECF Nos. 36–37. Similarly, the Commissioner's position was not substantially justified because the ALJ's decision did not comply with the appropriate legal standards.[4] Specifically, the Court found that the ALJ erred in weighing and evaluating the treating physician's opinion, failed to discuss or properly reject the opinions from the State Agency consultants that suggest greater limitations than those found by the ALJ, and failed to adequately articulate reasons supported by substantial evidence for discrediting Plaintiff's subjective complaints. (ECF No. 35.) *See Gallo v. Colvin*, No. 1:14-cv-2704-WSD, 2016 WL 5899313, at *1 (N.D. Ga. Oct. 11, 2016) (Commissioner was not substantially justified in defending the ALJ's decision because the ALJ provided no justification for disregarding the treating physician's opinion as required by the regulations). Nor is the Court aware of any special circumstances that would make an award unjust in this case. Plaintiff is therefore entitled to attorney's fees.

The question here, however, is whether the attorney's fees claimed are reasonable. Under the EAJA, the attorney's fees must be "reasonable

---

[4] Defendant does not contend that Plaintiff was not the prevailing party or that the Commissioner's decision was substantially justified.

attorney's fees." § 2412(d)(2)(A). As an initial matter, Defendant does not contest the calculation of the hourly rate, and the Court finds that the requested rates are properly calculated under the EAJA, taking into account cost of living increases. Defendant does contest, however, the number of hours claimed.

In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). Plaintiff bears the burden of demonstrating that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Defendant argues that the number of hours claimed is excessive, especially considering the usual time expended on social security appeals ranges from 25–30 hours. (ECF No. 39.) Defendant contends the issues raised in Plaintiff's brief are not novel, the brief is only 21 pages long, the reply brief is only 8 pages long, the record contained less than 300 pages of medical evidence, and both of Plaintiff's counsel are experienced in social security litigation. (*Id.*) Furthermore, Defendant says that the number

of hours includes excessive time for reviewing short orders and other filings and for performing tasks clerical in nature. (*Id.*)

Plaintiff counters that all 38.3 hours spent in this case could be properly billed to one's client, including reviewing court orders. (ECF No. 38.) Moreover, Plaintiff stresses that the majority of the time was incurred preparing the briefs, for a total of 22.4 hours. (*Id.*) Plaintiff argues that the 22.4 hours incurred preparing briefs was also reasonable, particularly in light of the favorable outcome. (*Id.*) In addition, this case involved research and preparation of a reply brief, which is unusual in a social security appeal. (ECF No. 42.) Finally, although some tasks may be clerical in nature, they could be done in such short amounts of time that it would not have significantly reduced the hours expended had counsel instead instructed clerical staff to do them. (*Id.*)

As an initial matter, 38.3 hours in and of itself is not excessive. "The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours." *Marshall v. Astrue*, No. 7:09-CV-33(HL), 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) (citing *Patterson v. Apfel*, 99 F. Supp. 2d. 1212, 1214 n.2 (C.D. Cal. 2000) (survey of social security disability cases suggests an average range of twenty to forty

6

hours)); *Perkins v. Astrue*, No. 1:09-CV-60 WLS, 2011 WL 7794078, at *2 (M.D. Ga. Oct. 11, 2011); *cf. Lavoie v. Colvin*, No. 14-1352-JWL, 2016 WL 4181323, at *3 (D. Kan. Aug. 8, 2016) (the typical social security appeal requires between 30 and 40 hours); *Hardy v. Callahan*, No. 96-cv-257, 1997 WL 470355, at *9 (E.D. Tex. 1997); *see also Burleson v. Astrue*, No. C07-2019-RSL, 2009 WL 364115, at *3 (W.D. Wash. Feb. 9, 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours that should be applied regardless of the circumstances."). Although Defendant relies on *Jackson v. Astrue* for the proposition that a typical social security case takes 25–30 hours, the Court in *Jackson* nonetheless conceded that some cases exceed those parameters. 2010 WL 2330269, at *2 (N.D. Fla. May 11, 2010).

Furthermore, 7.2 hours in this case were devoted to the reply brief. A reply brief in a social security appeal, although not unheard of, is not the norm, at least in this district. Nonetheless, Plaintiff sought leave to file a reply brief and the Court granted Plaintiff's request. Undoubtably the reply brief added hours to this case. Notably, had this case not involved a reply brief, the total number of hours expended would have been 31.1 hours. Thus, even using Defendant's 25–30 hour range for a *typical* social

security case, the hours requested here for the standard aspects of a social security case barely exceed Defendant's suggested range.

In addition, despite Defendant's objection to Plaintiff's request for .1 of an hour for tasks such as: reviewing ECF docket entries, an email from/to the United States Attorney's Office regarding extension of time, and reviewing court orders, Plaintiff's requests are neither impermissible nor unreasonable. Plaintiff requests .1 of an hour (6 minutes) for each of those items. It is not unreasonable for counsel to have spent several minutes reviewing an entry or composing an email to opposing counsel. *See Bowman v. Comm'r of Soc. Sec.*, No. 6:13-cv-614-Orl-31TBS, 2014 WL 5472453, at *3 (M.D. Fla. Oct. 22, 2014) (reducing charge for .2 of an hour spent reviewing a motion for extension of time to .1 of an hour).

Defendant also objects to Plaintiff's request for .3 of an hour expended on instructions regarding service of the complaint in 2015. (ECF No. 39.) It is unclear whether counsel personally performed this task or assigned the task to a secretary or legal assistant. Nonetheless, "[t]asks of a clerical nature are not compensable as attorney's fees." *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). Providing instructions

8

regarding service of the complaint is a clerical task. Thus, Plaintiff may not recover attorney's fees for this task. *See Yermal v. Astrue*, No. 5:08-cv-529-Oc-GRJ, 2009 WL 4042919, at *2 (M.D. Fla. Nov. 23, 2009) (reducing attorney's fees for preparing a notice of designation and sending the complaint and summons because such tasks were clerical); *Dyer v. Colvin*, No. RDB-13-432, 2014 WL 1271159, at *2 (D. Md. Mar. 25, 2014) (disallowing .9 hours claimed for preparing and releasing the service of summons and complaint and .8 hours for receiving and filing the summons returned by certified mail and personal service). Accordingly, the requested hours for 2015 should be reduced by 0.3 hours.

    Finally, Plaintiff also requests 2.5 additional hours for time spent researching and preparing his reply brief to Defendant's response in opposition to Plaintiff's Petition. (ECF No. 42.) Defendant has not objected to the itemization of tasks or in any other respect in relation to requested attorney's fees for the reply brief. The Court has reviewed the time entries for preparing the reply brief and finds counsel's requests to be reasonable. Accordingly, under the EAJA, Plaintiff is entitled to recover $7,714.29 in attorney's fees.[5]

---

[5] Calculation for 2015: 35.2 attorney hours claimed minus 0.3 hours equals 34.9
(continued...)

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Petition for Attorney Fees, ECF No. 38, should be **GRANTED**, and that Plaintiff should be awarded attorney's fees under the EAJA in the amount of **$7,714.29,** subject to any offsetting debt owed by the Plaintiff to the United States. Plaintiff additionally should be awarded costs in the amount of **$400.00** for the filing fee, which shall be paid from the Judgment Fund.

**IN CHAMBERS** this 21st day of February, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[5](...continued)
attorney hours to be awarded for 2015. 34.9 hours multiplied by the $190.28 hourly rate equals $6,640.77. Calculation for 2016: 3.1 attorney hours to be awarded for 2016. 3.1 hours multiplied by the $191.70 hourly rate equals $594.27. Calculation for 2017: 2.5 attorney hours to be awarded for 2017. 2.5 hours multiplied by the $191.70 hourly rate equals $479.25.